

THE CITY OF NEW YORK

# LAW DEPARTMENT

100 CHURCH STREET
NEW YORK, NY 10007

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**GREGORY P. MOUTON, JR.**
Phone: (212) 676-1307
Fax: (212) 788-9776
gmouton@law.nyc.gov

February 2, 2011

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  <u>Richard Gilliard v. The City of New York, et al.</u>, 10 CV 5247 (BMC)

Your Honor:

Pursuant to the Court's Order dated December 22, 2010, and in advance of the initial conference scheduled for February 7, 20011 at 4:30 p.m., the parties submit this joint letter to apprise the Court of the parties' descriptions of the case, including factual, jurisdictional, and legal basis for the claims and defenses.

**A.      Description of the Case**

<u>Plaintiff's Assertions</u>

On August 4, 2009, at about 11:00 a.m., at about 480 Marcy Avenue in Brooklyn, plaintiff was standing on a public sidewalk outside a public housing building, on a lunch break from installing a garbage compactor in the building.  Defendants Humberto Kibel, Eddie Martins, and Barbara Sobolewski, New York City police officers, approached a young black male standing nearby and asked him for identification for no apparent lawful reason.  Plaintiff began to write down information on defendants' actions.  Noticing that plaintiff was writing something down, defendants approached him.  Defendant Sobolewski asked plaintiff for identification.  Plaintiff handed his non-driver's identification card to defendant Martins.  For no apparent lawful reason, defendant Martins grabbed plaintiff, turned him around so that he was facing a short rail fence, thrust him against the fence, handcuffed his right wrist, and started punching him in the back.  Plaintiff did not resist.  As defendant Martins punched plaintiff, defendant Kibel searched him.  Defendant Martins next began pushing plaintiff's upper body in

an apparent attempt to flip him over the fence onto his head.  Fearing serious injury, plaintiff braced himself against the fence.  Defendant Kibel then reached under plaintiff's right arm and began spraying mace in plaintiff's face.  To avoid the sting of the spray, plaintiff turned to his left until he again faced defendant Martins.  Defendant Martins then began spraying mace in plaintiff's face.  When plaintiff asked defendant Martins what he was doing and why, defendant Martins struck plaintiff on his left forehead with the mace can, causing a laceration, bruising, and swelling.  Defendant Martins next handcuffed plaintiff's wrists together in front of his body, excessively tightly.  Defendant Martins ignored plaintiff's request to loosen the handcuffs.  When plaintiff's supervisor came out to see what was happening, defendant Martins or defendant Kibel pointed a gun at him and told him not to come any closer.  Defendant Martins next took plaintiff to a nearby van.  Back-up officers arrived.  They repeatedly struck plaintiff in the body with closed fists.  Plaintiff did not resist.  The officers threatened to arrest a passerby who tried to photograph and videotape the incident.  They then put plaintiff inside the van, placing a tight belt across his neck.  Plaintiff, an asthmatic, had difficulty breathing and asked the officers to loosen the belt but they ignored his pleas.  Plaintiff was formally arrested and charged with several crimes.  In connection with the arrest, defendants Kibel, Martins, and Sobolewski filed false and misleading police reports.  Plaintiff was arraigned on August 5, 2009.  On April 7, 2010, the criminal case was adjourned in contemplation of dismissal, and on October 6, 2010, the case was dismissed.  As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, property damage, deprivation of his liberty, and violation of his constitutional rights.

<u>Defendants' Assertions</u>

On August 4, 2009, at approximately 12:30 p.m. at or about 605 Park Avenue in Brooklyn, New York, plaintiff was observed standing with two other people on the sidewalk with a strong smell of marijuana in the air.  The arresting officer approached them, asking to open their hands and to show him identification.  Each person did so except for plaintiff.

After the request, plaintiff stuck his hands in his pockets.  The arresting officer noticed that there was a bulge in plaintiff's waistband.  Plaintiff began yelling at the police officers and a crowd began to form.

The arresting officer attempted to pat plaintiff down, however the plaintiff pushed the officer away and continued yelling.  Plaintiff began flailing his arms, at which time, the arresting officer placed him into handcuffs and into the back of a police van.

Plaintiff, who is apparently double jointed, swung his arms over his head so that is cuffs were in front, jumped out of the police van, and began running.  Police officers pursued him for several blocks, at which point plaintiff picked up a tree branch and struck an officer with it.  Plaintiff was taken back into custody and charged with assaulting a police officer, obstruction of governmental administration, resisting arrest, and disorderly conduct.

**B.    Jurisdictional and Legal Justification**

<u>Plaintiff's Assertions</u>

The Court has jurisdiction over plaintiff's federal claims under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to plaintiff's claims occurred in this district.

Plaintiff brings this action to recover money damages for violation of his rights under 42 U.S.C. § 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.  Plaintiff asserts federal claims for false arrest, excessive force, abridgment of freedom of speech, and failure to intervene against defendants Kibel, Martins, and Sobolewski.  Plaintiff asserts federal claims against defendant, The City of New York, *inter alia*, for inadequate screening, hiring, retention, training, and supervision of police officers.

<u>Defendants' Assertions</u>

This action is brought under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.  Venue is proper because the acts complained of herein occurred in Brooklyn, in the County of Kings, New York, which is in the Eastern District of New York.

Defendants contend that plaintiff fails to state a claim upon which relief can be granted, that there was probable cause to arrest and detain plaintiff as a matter of law, and that any force used to effectuate the arrest of plaintiff was justified, and that any subsequent search was justified by reasonable suspicion and/or probable cause.

## C.    Defendants' Contemplated Motions

Defendant The City of New York anticipates a motion for summary judgment.  <u>See</u> <u>Monell v. Dep't of Soc. Servs. of the City of New York</u>, 436 U.S. 658 (1978).  Defendants do not believe that plaintiff will be able to establish that his federal constitutional rights were violated,  and further, plaintiff will not be able to adduce the necessary evidence that a municipal custom, policy or practice caused his alleged constitutional deprivation.  Therefore, defendants contemplate a motion for summary judgment on plaintiff's <u>Monell</u> claim.  Defendants may move for summary judgment on other claims depending upon evidence developed in discovery.

The parties thank the Court for its attention to this matter.

Respectfully submitted,

____/s/_____

Gregory P. Mouton, Jr. (GM-4379)
Assistant Corporation Counsel
Special Federal Litigation Division

____/s/_____

Robert T. Perry, Esq.