

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | GREGORY P. MOUTON, JR.<br>Phone: (212) 676-1307<br>Fax: (212) 788-9776<br>gmouton@law.nyc.gov |

June 10, 2011

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: <u>Richard Gilliard v. The City of New York, et al.</u>, 10 CV 5247 (BMC)

Your Honor:

   I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department recently assigned to handle the defense of the above-referenced matter on behalf of defendants The City of New York, Police Officer Humberto Kibel, Police Officer Eddie Martins, and Barbara Sobolewski.  In that capacity, I to respectfully request a pre-motion conference in this matter.  Defendants wish to move pursuant to Rule 56 for the reasons set forth more fully below.

A.  **FACTS AS ALLEGED BY THE PLAINTIFF**

   In his Complaint, plaintiff Richard Gilliard alleges that on August 4, 2009, he was standing outside 480 Marcy Avenue, Brooklyn, New York, while on a lunch break.  Plaintiff was approached by police officers who demanded to see his identification.  For no apparent reason officers Kibel and Martins assaulted, searched, and cuffed plaintiff.  These same officers then maced plaintiff, struck him in the face with the mace can, and forced him into a police van as they continued to assault him.  Plaintiff was transported to the precinct and charged with various crimes at which time, officers Kibel, Martins, and Sobolewski filed false reports with the Kings County District Attorney's Office.  Plaintiff's Complaint alleges claims for false arrest, excessive force, violation of plaintiff's right to freedom of speech, violation of the Equal Protection Clause, failure to intervene, and municipal liability under <u>Monell</u>.

B.  **PLAINTIFF'S FALSE ARREST AND EXCESSIVE FORCE CLAIMS AGAINST POLICE OFFICER BARBARA SOBOLEWSKI MUST BE DISMISSED**

      To prevail in a claim under Section 1983, plaintiff must prove that defendants were personally involved in the alleged constitutional deprivation. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)). Absent any personal involvement, an individually named defendant cannot be held liable for plaintiff's alleged civil rights violations. See Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1985); Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986). In the instant case, it is undisputed that Police Officer Sobolewski did not arrest or use physical force against the plaintiff. As such, these claims against Police Officer Sobolewski must fail.

**C.    PLAINTIFF'S CLAIMS FOR VIOLATION OF RIGHT TO FREE SPEECH, THE EQUAL PROTECTION CLAUSE, AND MONELL LIABILITY MUST FAIL.**

      In the instant case, plaintiff's claims under the first amendment, the Equal Protection Clause, and Monell must fail as they are conclusory in nature and fail to state a claim. Further, there has been no discovery in this action which would support any such claims, and as such, they must be dismissed as a matter of law.

      In view of the foregoing, it is respectfully requested that the Court grant the within requests. Thank you for your consideration herein.

      Respectfully submitted,

      \_\_\_/s/_____

      Gregory P. Mouton, Jr. (GM-4379)
      Assistant Corporation Counsel
      Special Federal Litigation Division

cc:

ROBERT T. PERRY, ATTORNEY AT LAW (via ECF)
Attorney for Plaintiffs
45 Main Street, Suite 230
Brooklyn, NY  11201