

| | | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **GREGORY P. MOUTON, JR.**<br>Phone: (212) 676-1307<br>Fax: (212) 788-9776 |

July 20, 2011

**BY ECF**
Honorable Brian M. Cogan
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Richard Gilliard v. The City of New York, et al., 10 CV 5247 (BMC)

Your Honor:

      I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to handle the defense of the above-referenced matter on behalf of defendants The City of New York, Police Officer Humberto Kibel, Police Officer Eddie Martins, and Barbara Sobolewski. In that capacity, I write, jointly with plaintiff's counsel, Robert Perry, Esq., to jointly submit our motions *in limine*, prior to the pre-trial conference scheduled in this matter on July 25, 2011, at 4:30 p.m.

## BACKGROUND

      On December 9, 1999, plaintiff pleaded guilty to Robbery in the Second Degree (New York Penal Law §§ 160.10 (1) and (2)(a)) and Tampering With a Witness in the Third Degree (New York Penal Law § 215.11(1)), and on January 20, 2000, he was sentenced to 42 months imprisonment. On September 19, 2000, plaintiff pleaded guilty to Criminal Possession of a Weapon in the Third Degree (New York Penal Law § 265.02(4)), and on October 4, 2000, he was sentenced to five years imprisonment.

      During his imprisonment, plaintiff incurred various infractions, including infractions for attempted assault on a correction officer (March 31, 2001), fighting with an inmate (January 6, 2002 and July 3, 2003), making verbal threats towards staff (February 9, 2001 and November 17, 2003), testing positive for marijuana (June 12, 2002), and possession of gang-related materials (February 9, 2001).

Plaintiff was released from prison on June 23, 2004. Sometime in 2007, he was arrested on a parole violation for allegedly violating his curfew. (Plaintiff was working at night.) While at Rikers Island Correction Facility on the parole violation, plaintiff was arrested allegedly for assaulting a corrections officer but later acquitted of the charges. Plaintiff recently settled an excessive force lawsuit against the officer.

Since his release from prison in 2004, plaintiff has one conviction. On May 16, 2009, he pleaded guilty to Criminal Possession of Marijuana in the Fifth Degree (Penal Law § 221.10) and received a conditional discharge.

Plaintiff has been arrested on several occasions on charges later dismissed, including most recently on June 13, 2010, when police officers issued him a summons for Disorderly Conduct and released him from the scene. The charge was dismissed on August 12, 2010. Plaintiff has filed a lawsuit against the City of New York in connection with that arrest. Gilliard v. The City of New York, et al., 10 Civ. 5187 (E.D.N.Y. filed Nov. 10, 2010).

Near the close of discovery, defendants sought authorization for disclosure of plaintiff's income tax records dating back to 2004. Plaintiff recently provided the authorization. Counsel anticipates that the records will show that: plaintiff claimed a deduction for his child on his 2004 income tax returns; the Internal Revenue Service ("IRS") denied the deduction because unbeknown to plaintiff, the birth mother, with whom plaintiff has no contact, also claimed a deduction on her income tax returns; and plaintiff has agreed to pay the income tax due on an installment basis.

## **PLAINTIFF'S POSITION**

### A. Defendants Should Be Precluded From Questioning Plaintiff About His Arrests on Charges Later Dismissed.

Federal Rule of Evidence 608(b) provides that specific instances of the conduct of a witness other than convictions, for impeachment purposes, may not be proved by extrinsic evidence. Fed. R. Evid. 608(b). Rule 608(b) further provides that such conduct, in the court's discretion, may be inquired into on cross-examination "if probative of truthfulness or untruthfulness." *Id.* Plaintiff's arrests on charges later dismissed are not probative of his veracity. "Arrest without more," of course, "does not . . . impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty." *Michelson v. United States*, 335 U.S. 469, 482 (1948). Moreover, the charges on which plaintiff was arrested -- for example, disorderly conduct -- "do not relate to plaintiff's honesty or reflect on his propensity to tell the truth at trial." *Vagenos v. LDG Financial Services, LLC*, 2010 WL 1608877, at *1 (E.D.N.Y. April 15, 2010). Defendants therefore should be precluded from questioning plaintiff, for impeachment purposes, about these arrests. *Cf. Stephen v. Hanley*, 2009 WL 1471180, at *8 (E.D.N.Y. May 21, 2009) ("The court finds that these unproven charges and prior arrests are inadmissible for impeachment purposes"); *Daniels v. Loizzo*, 986 F. Supp. 245, 252 (S.D.N.Y. 1997) ("As Defendants concede, Plaintiff's arrests that did not result in convictions are not admissible as specific instances of conduct under [Rule 608(b)]").

Nor should plaintiff's arrests on charges later dismissed be admitted for any other purposes. They have no bearing on whether defendants had probable cause to arrest or used excessive force

on plaintiff on August 4, 2009. To the extent that defendants offer the arrests to dispute causation and damages, they are merely cumulative and add little to the evidence that plaintiff spent time in custody on his convictions. Plaintiff's arrests on charges later dismissed, in effect, would serve only one illegitimate purpose -- to suggest to the jury that because plaintiff was arrested on other occasions, defendants had probable cause to arrest him on August 4, 2009 -- in violation of Federal Rule of Evidence 404(a) ("Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," with certain exceptions not relevant here).

B.     **Plaintiff Should Be Permitted to Cross Examine Defendants About Another Section 1983 Lawsuit Brought Against Them.**

"Under the 'inclusionary' approach followed in this circuit, evidence of prior crimes, wrongs, or acts is admissible for any purpose other than to show a defendant's criminal propensity, as long as it is relevant to some disputed issue in the trial and satisfies the probative-prejudice balancing test of Fed. R. Evid. 403." *United States v. Brennan*, 798 F.2d 581, 589 (2d Cir. 1986) (internal citations and quotations omitted). Evidence that a defendant falsely arrested and used excessive force against someone else thus is admissible in a Section 1983 case for false arrest and excessive force "because the defendant's intent is a relevant element of the constitutional tort." *Lombardo v. Stone*, 2002 WL 113913, at *6 (S.D.N.Y. Jan. 29, 2002) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11 n.1 (2d Cir. 1988)). *See also Ismail v. Cohen*, 706 F. Supp. 243, 253 (S.D.N.Y. 1989) ("A plaintiff in an excessive force case is entitled to prove by extrinsic evidence of other instances that the police officer defendant acted 'maliciously and sadistically for the very purpose of causing harm,' and such an aggravated state of mind is relevant even where the police officer admits that he intended to use force in the incident primarily at issue at the trial" (quoting *O'Neill v. Krzeminski*, 839 F.2d at 11 n.1)), *aff'd in part and rev'd in part*, 899 F.2d 183 (2d Cir. 1990).

Slightly over two months ago, the same police officers named as defendants here were named as defendants in another Section 1983 action for false arrest and excessive force. See First Amended Complaint, Monta Little v. City Of New York, 10 Civ. 5994 (JG) (RML) (E.D.N.Y. filed May 17, 2011). Like plaintiff, Monta Little alleges that police officers unlawfully stopped him and demanded identification. Like plaintiff, Monta Little alleges that police officers arrested him on false charges. Like plaintiff, Monta Little alleges that police officers used excessive force. Like plaintiff, Monta Little alleges that he spoke out against improper police practices during the incident. In short, the circumstances alleged here and those alleged in the Monta Little incident are "nearly identical." *Berkovich v. Hicks*, 922 F.2d 1018, 1023 (2d Cir. 1991).

The Monta Little incident thus is admissible to show both a relevant pattern on the defendants' part of lashing out physically when they feel their authority is challenged by a citizen and a wrongful intent to abuse their office and to lie thereafter about it. *Ismail. v. Cohen*, 706 F. Supp. at 253. The probative value of this evidence outweighs any prejudice which may ensue. *Id.* This Court can guard against any such prejudice by cautioning the jury that the proof is offered for the sole and limited purpose of showing a relevant pattern of conduct and a wrongful intent. *Id.*

C.     **Defendants Should Be Precluded From Questioning Plaintiff About His Prior Convictions for Impeachment Purposes.**

*1.      The felony convictions.*

Federal Rule of Evidence 609(a)(1) allows, for impeachment purposes, the admission of prior criminal convictions punishable by imprisonment in excess of one year. Fed. R. Evid. 609(a)(1). Rule 609(a)(1) is, however, subject to Federal Rule of Evidence 403, which permits the exclusion of relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury . . . ." Fed. R. Evid. 403. In weighing the probative value and the prejudicial effect, courts consider four factors: "(1) the impeachment value of the prior crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Stephen v. Hanley*, 2009 WL 1471180, at *4 (citing *Daniels v. Loizzo*, 986 F. Supp. at 250 (citing Weinstein's Federal Evidence § 609.04[2][a], at 609-20 (1987), and *United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977))). The first factor -- the impeachment value of the crime -- is "[p]aramount" in the balancing analysis. *Id.* (citing *United States v. Ortiz*, 553 F.2d 820, 828 (2d Cir. 1977)). Applying the factors here, defendants should be precluded from questioning plaintiff about his felony convictions for impeachment purposes.

First, the impeachment value of those convictions -- for Robbery in the Second Degree, Tampering With a Witness in the Third Degree, and Criminal Possession of a Weapon in the Third Degree -- is exceedingly low, as they "do not relate to plaintiff's honesty or reflect on his propensity to tell the truth at trial." *Vagenos v. LDG Financial Services, LLC*, 2010 WL 1608877, at *1 (robbery with a dangerous weapon) (citing *United States v. Alberti*, 470 F.2d 878, 882 (2d Cir. 1972) (cross-examination about assault conviction properly excluded as not relating to witness veracity)). *See also United States v. Puco*, 453 F.2d 539, 543 (2d Cir. 1971) ("violent or assaultive crimes, on the other hand, generally are not thought to reflect directly on veracity"); *United States v. Brown*, 2009 WL 7288448, at *7 (E.D.N.Y. Mar. 10, 2009) (convictions resting on "'violent or assaultive crimes generally do not' relate to credibility" (quoting *United States v. Estrada*, 430 F.2d 606, 618 (2d Cir. 2005))).

Second, the convictions are remote in time, when "measured from the [anticipated] date of trial" in this case. *Stephen v. Hanley*, 2009 WL 1471180, at *4. Plaintiff pleaded guilty to Robbery in the Second Degree and Tampering With a Witness in the Third Degree on December 9, 1999, nearly 12 years ago, and he pleaded guilty to Criminal Possession of a Weapon in the Third Degree on September 19, 2000, nearly 11 years ago. *Cf. Jones v. City of New York*, 2002 WL 207008, at *3 (S.D.N.Y. Feb. 11, 2002) (that conviction was nine years old weighed against admissibility, though other factors favored admissibility); *Stephen v. Hanley*, 2009 WL 1471180, at *4 (that conviction was five-and one-half years old neither diminished nor added to already low probative value); *Daniels v. Loizzo*, 986 F. Supp at 250 (that conviction was three years old was not so remote as to diminish its probative value).

Third, the convictions cannot be considered as "'substantially different'" from the incident at issue in this case, given that plaintiff was convicted of violent crimes and was arrested here allegedly for committing violent crimes. *Stephen v. Hanley*, 2009 WL 1471180, at *4 (quoting *United States v. Hayes*, 553 F.2d at 828). *Cf. Daniels v. Loizzo*, 986 F. Supp at 251 (excluding prior convictions for assault and attempted assault on police officer, since they closely resembled conduct alleged by plaintiff in excessive force claim); *Lewis v. Velez*, 149 F.R.D. 474, 483 (S.D.N.Y. 1993)

("[g]iven the facts of the current case, assault convictions skirt too close to the impermissible suggestion that the plaintiff had a propensity toward violence and acted in conformity with his aggressive predisposition"); *United States v. Hayes*, 553 F.2d at 828 (prior smuggling conviction was for crime "substantially different" from instant prosecution on charges of bank robbery and assaulting federal officer).

The only factor favoring admission of plaintiff's felony convictions for impeachment purposes is the importance of plaintiff's credibility as a witness. The other three factors, including the paramount first factor, however, tip the balance decidedly against admission.

### 2. *The misdemeanor conviction.*

Federal Rule of Evidence 609(a)(2) allows, for impeachment purposes, the admission of a prior criminal conviction, regardless of the punishment, "if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness." Fed. R. Evid. 609(a)(2). Plaintiff's conviction for Criminal Possession of Marijuana in the Fifth Degree has virtually no impeachment value. *Cf. United States v. Puco*, 453 F.2d 539, 543 (2d Cir. 1971) ("we believe that a narcotics conviction has little necessary bearing on the veracity of the accused as a witness"); *United States v. Hayes*, 553 F.2d at 828 & n.8 (implying that conviction for narcotics possession has low probative value on credibility); *Daniels v. Loizzo*, 986 F. Supp. at 249 ("'Convictions for narcotics offenses are usually not considered to involve dishonesty or false statements'") (quoting 4 *Weinstein's Federal Evidence* § 609.03[2][b][iii], at 609-16 (1997)). Moreover, the admission of such conviction would be highly prejudicial. *Cf. United States v. Ong*, 541 F.2d 331, 339-40 (2d Cir. 1976), *cert. denied*, 429 U.S. 1075 (1977) (because "ordinarily there are few subjects more inflammatory than narcotics," evidence of drug use "should usually be excluded in a non-narcotics trial"). Defendants therefore should be precluded from questioning plaintiff about his misdemeanor conviction for impeachment purposes.

### 3. *Causation and damages.*

To the extent that defendants offer plaintiff's convictions to dispute causation and damages, the Court should limit the admission to the fact and date of such convictions and that plaintiff was sentenced to imprisonment. *Stephen v. Hanley*, 2009 WL 1471180, at *10. Any mention of the name and nature of the convictions "may unfairly prejudice the jury as they may infer that [plaintiff] is simply just a 'bad person.'" *United States v. Brown*, 2009 WL 728448, at *8 (quoting *United States v. Estrada*, 430 F.2d at 618). Similarly, any mention of the length of imprisonment poses a risk of unfair prejudice because the jury might infer that plaintiff "must have committed a serious and possibly violent crime." *Giles v. Rhodes*, 2000 WL 1425046, at *13 (S.D.N.Y. Sept. 27, 2000). The Court should also issue an instruction to the jury to consider this evidence only for the purpose for which it is offered. *Stephen v. Hanley*, 2009 WL 1471180, at *10.

**D. Defendants Should Be Precluded From Questioning Plaintiff About His Prison Disciplinary and Parole Revocation Records.**

For the same reasons that plaintiff's convictions are inadmissible for impeachment purposes, so too are his prison disciplinary and parole revocation records. The impeachment value of these records is exceedingly low, as they do not relate to plaintiff's honesty or reflect on his propensity to tell the truth. Most are remote in time, when measured from the anticipated date of trial in this case. The records of attempted assault, fighting, and threats cannot be considered as substantially different from the incident at issue in this case. These factors decidedly tip the scale against admission of plaintiff's prison disciplinary and parole revocation records for impeachment purposes.

Nor are these records admissible for any other purpose. The primary issues here concern the interaction between plaintiff and defendants on August 4, 2009. Plaintiff's prison disciplinary and parole revocation records have no relevance to these issues "for any purpose except to show propensity," which is prohibited by Rule 404(a). *Holloway v. Mitchell-Oddey*, 488 F. Supp.2d 239, 240 (N.D.N.Y. 2007) (excluding evidence of prison disciplinary records in action brought by inmate against corrections officer alleging excessive force). *See also Hynes v. Coughlin*, 79 F.3d 285, 290-91 (2d Cir. 1996) ("where there is no tenable basis for contending that there was an issue of intent or knowledge, it is error to admit an inmate's disciplinary record to support the inference that he had a 'penchant for violent conduct'").

**E.     Defendants Should Be Precluded From Questioning Plaintiff About His Income Tax Returns.**

Plaintiff has not been charged with, let alone convicted of, income tax evasion. At worst, he claimed a deduction for his child on his 2004 income tax return later disallowed by the IRS because, unbeknown to plaintiff, the birth mother, with whom plaintiff has no contact, also claimed a deduction for the child on her income tax returns. Plaintiff's tax problems "say little about his credibility as a witness." *Vagenos v. LDG Financial Services, LLC*, 2010 WL 1608877, at *2 (excluding plaintiff's tax evasion committed eight years earlier). To allow defendants to question plaintiff about the matter could confuse the jury as to the material issues in this case, unfairly taking the focus off those issues and shifting it to plaintiff's past. *Id*

.

## DEFENDANTS' POSITION

**A.     Plaintiff's Prior Arrest and Conviction History Should Be Admitted.**

In his motions *in limine*, plaintiff has moved to exclude evidence pertaining to plaintiff's prior arrests and convictions. In arguing for exclusion, plaintiff argues that evidence of these arrests and convictions are: (a) improper propensity evidence; (b) unfairly prejudicial; and, (c) violative of FED. R. EVID. 609 and 608(b). At the very least, plaintiff is simply mistaken.

Pursuant to FRE 609, evidence of the commission of a felony is generally admissible for the purposes of attacking the character and credibility of that witness. Further, FRE 609(b) allows such evidence of a conviction to be admitted if no more than 10 years has elapsed from the date of the conviction, or from the release from confinement for that conviction, whichever date is

later.  Plaintiffs' convictions are clearly admissible pursuant to FRE 609.  Plaintiff was released on June 23, 2004, after being sentenced to 42 months in prison for Robbery in the Second Degree (New York Penal Law §§ 160.10 (1) and (2)(a)) and Tampering With a Witness in the Third Degree (New York Penal Law § 215.11(1)).

During his time in confinement, plaintiff also pled guilty to Criminal Possession of a Weapon in the Third Degree (New York Penal Law § 265.02(4)), and on October 4, 2000, he was sentenced to five years imprisonment.  Pursuant to FRE 609, evidence of each of these crimes bears on plaintiff's character and credibility and are well within the 10 years after the end of plaintiff's confinement.  Further, no crime, save perjury, could implicate one's credibility and character to a jury more than tampering with a witness.  As such plaintiff's conviction for witness tampering goes to the heart of the issue of credibility and character.  Thus, evidence of these crimes should be admitted.

As well, there is another, wholly proper, purpose for which this evidence should be admitted: to show that plaintiff's damages, including any and all claims for mental anguish, fear and/or emotional injuries, were mitigated or caused by his previous or subsequent encounters with police as well as the time spent in custody during these arrests and convictions.  See, e.g., Wilson v. City of New York, No. 06 Civ. 229 (ARR) (VVP), 2006 U.S. Dist. LEXIS 90050 (E.D.N.Y. Dec. 13, 2006) ("it could be credibly argued that one who has had a number of prior arrests and detentions is likely to have suffered less distress than one who has never before been detained").  Moreover, a case which plaintiff uses to support his contention, Stephen v. Hanley – a case litigated by plaintiff's counsel – directly supports defendants' view.  No.  03 Civ. 6226 (KAM)(LB), 2009 U.S. Dist. LEXIS 43334 (E.D.N.Y. May 21, 2009).  There, defendants sought to admit plaintiff's prior adjudication as a youthful offender.  Id.  In admitting evidence pertaining to the adjudication, the Court found, inter alia, the evidence relevant to plaintiff's damages.  Id.

In this case, where plaintiff claims false arrest, he must be awarded compensatory damages if he prevails.  Therefore, it is imperative that defendants be allowed to adduce evidence of all the time plaintiff has spent in custody in order for the jury to assess the value of the hours plaintiff spent in custody on this occasion, should they find that plaintiff was falsely arrested.  Defendants therefore respectfully submit that evidence pertaining to plaintiff's prior arrests and convictions should be admitted not only for credibility, but also for purposes of causation and damages.

**B.     Plaintiff's Marijuana Use Should Be Admitted.**

Defendants respectfully submit that plaintiff's marijuana conviction should not be excluded.  As with his arguments for excluding evidence of his prior arrests and convictions, plaintiff's arguments against admitting his marijuana conviction largely skirt the reasons for which defendants seek the evidence's admission.  Defendants do not seek to impeach plaintiff with his marijuana use to show his character for truthfulness.  Rather, defendants seek admission of plaintiff's marijuana conviction because it bears heavily upon his credibility, i.e., his ability to perceive the events at issue, and his ability to recall and relate those events.  Contrary to plaintiff's assertions, this evidence is not substantially outweighed by its prejudicial effect.

Courts admit evidence of drug use as probative of a witness's credibility. In Gordy Co. v. Mary Jane Girls, a recording company brought an action against, inter alia, recording artist Rick James alleging breach of contract. Nos. 86 Civ. 6814, 87 Civ. 3438 (RWS), 1989 WL 28477, at *1 (S.D.N.Y. Mar. 24, 1989). Plaintiff moved in limine to admit evidence detailing the use of drugs by Mr. James. Id. While the court undertook a thoughtful analysis to rule that Mr. James's drug use was not probative of the merits of the action, id. at *2-*6, the court further ruled the evidence admissible, allowing plaintiff to "cross examine [James] regarding his drug use to test his capacity for observing, remembering, and truthfully relating the events at issue." Id. at *6. The court further observed:

> Recognizing that drug use can impair a person's perception and memory, courts often admit evidence of drug use for impeachment. *It will help the jury to assess Rick James's credibility to know that he used drugs frequently during the period about which his is testifying*.

Id. (emphasis added)(internal citations omitted). This is exactly the reason for which defendants seek admission of plaintiff's marijuana conviction, and exactly the reason why it should be admitted.

Specifically, there has been testimony in this action from Police Officer Humberto Kibel, Eddie Martins, and Barbara Sobolewski that, on the date of incident, they initially approached plaintiff as they noticed the smell of marijuana in the air. While plaintiff denied smoking marijuana, it is defendants' contention that he was, in fact, smoking marijuana at the time of the incident and that it impaired his perception and memory. Consequently, plaintiff's guilty plea for possession of marijuana directly rebuts plaintiff's contention that he does not smoke marijuana and bears heavily on plaintiff's credibility. As such, evidence regarding this conviction should be admitted if plaintiff denies drug use during the trial.

**C.      Defendants Do Not Anticipate Questioning Plaintiff Regarding His Tax Returns.**

Defendants do not oppose this branch of plaintiff's motion as they do not anticipate questioning plaintiff regarding his tax returns unless plaintiff opens the door during trial.

**D.      Defendants Do Not Anticipate Questioning Plaintiff Regarding His Prison Disciplinary Records Or Parole Revocation Records.**

Defendants do not oppose this branch of plaintiff's motion as they do not anticipate questioning plaintiff regarding his prison disciplinary records or his parole revocation records unless plaintiff opens the door during trial.

**E.      Plaintiff Should Not Be Allowed to Cross Examine the Defendant Officers With Any Evidence of Prior Civilian Complaints Or Prior Section 1983 Lawsuits.**

Rule 404(b) of the Federal Rules of Evidence prohibits the use of evidence of past acts "to prove the character of the a person in order to show action in conformity therewith." Rule 404(b)

only permits the use of evidence of past acts for "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Additionally, Rule 403 of the Federal Rules of Evidence states that relevant evidence "may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." The exceptions to Rule 404(b) of the Federal Rules of Evidence, "proof of motive, opportunity, intent …," are irrelevant to the wholly objective "reasonable officer" standard that governs false arrest claims under the Fourth Amendment. See Whren v. United States, 517 U.S. 806, 813 (1996) ("Subjective intentions play no role in ordinary, probablecause Fourth Amendment analysis") Therefore, plaintiff should be precluded from cross examining the defendant officers with any prior Civilian Complaint Review Board (hereinafter "CCRB") complaints, and/or civil rights claims brought against them because such evidence may not be used to show the likelihood of action in conformity therewith. Indeed, such evidence of subjective motivation is more prejudicial than probative, and is irrelevant to the objective "reasonable officer" standard of Fourth Amendment false arrest claims.

As well, evidence of an unrelated lawsuit against the defendant police officers in this matter is inadmissible and should be excluded. Again, the exceptions to Rule 404(b) of the Federal Rules of Evidence, "proof of motive, opportunity, intent …," are irrelevant to the objective, "reasonable officer" standard of § 1983 false arrest claim. See Whren v. United States, 517 U.S. 806, 813 (1996). Because probable cause is a wholly objective, the officer's subjective motivation is irrelevant.

In accordance with Rule 404(b) of the Federal Rules of Evidence, plaintiff is not permitted to introduce evidence of a prior lawsuit against defendants in order to prove an alleged propensity to violate an individual's constitutional rights. See Berkovich v. Hicks, 922 F.2d 1018 (2d Cir. 1991) (upholding the exclusion at trial of all references to the defendant police officers' history of prior civilian complaints pursuant to 404(b) and 403 of the Federal Rules of Evidence); see also Carter v. District of Columbia, 795 F.2d 116, 123 (D.C. Cir. 1986). Additionally, plaintiff may not introduce evidence of a prior lawsuit against the defendant police officers to show intent or other state of mind exceptions allowed by Rule 404(b).

Evidence of a prior lawsuit is more prejudicial than probative, and thus should be excluded pursuant to Rule 403 of the Federal Rules of Evidence as well. In the instant case, the jury could choose to punish the defendants for unproven similar acts, or the jury could infer that the defendants are inclined to violate civil rights by virtue of the existence of an unrelated lawsuit against them. See Huddleston v. United States, 485 U.S. 681, 686 (1988) ("The [offering party] may not parade before the jury a litany of potentially prejudicial similar acts that have been established or connected to the defendant only by unsubstantiated innuendo.") Further, similar act evidence "should be admitted only if there is sufficient evidence to support a finding by the jury that the defendant committed the similar act." See Huddleston at 685. As any evidence of an unrelated lawsuit lacks any substantial probative value, it should be excluded. Finally, even if any of the unrelated lawsuits were probative of some factual dispute in the present case, whatever value they might have is substantially outweighed by the prejudicial effect of parading such innuendo before the jury. Therefore, the lawsuit must be excluded from trial under Rule 403 of the Federal Rules of Evidence.

The parties thank the Court for its time and attention to the within matters.

                                                                                Respectfully submitted,

                                                                                ___/s/_____

                                                                                Gregory P. Mouton, Jr. (GM-4379)
                                                                                Assistant Corporation Counsel
                                                                                Special Federal Litigation Division

                                                                                ___/s/_____

                                                                                Robert T. Perry, Esq.