UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------- x

RICHARD GILLIARD,

                                                            Plaintiff,

-against-

THE CITY OF NEW YORK, HUMBERTO KIBEL,
Individually and in his Official Capacity, EDDIE
MARTINS, Individually and in his Official Capacity,
BARBARA SOBOLEWSKI, Individually and in her
Official Capacity, and JOHN/JANE DOES NOS. 1-10,
Individually and in their Official Capacities (members
of the NEW YORK CITY POLICE DEPARTMENT
whose name are presently unknown to plaintiff),

                                                            Defendants.

--------------------------------------------------------------------------- x

**DECLARATION IN SUPPORT OF DEFENDANTS' APPLICATION FOR COSTS AGAINST PLAINTIFF**

10 CV 5247 (BMC)

       **GREGORY P. MOUTON, JR.**, declares pursuant to 28 U.S.C. §1746 and under penalty of perjury that:

       1.    I am an Assistant Corporation Counsel in the Office of the Corporation Counsel of the City of New York, counsel for the defendants in this action. I was, along with Assistant Corporation Counsel Erica M. Haber, one of the attorneys assigned to represent defendants in this action. As such, I am familiar with the facts and circumstances set forth herein. I submit this Declaration in support of defendants' Bill of Costs and defendants' application for an award of costs against plaintiff Richard Gilliard in this action.

       2.    On November 15, 2010, plaintiff, Richard Gilliard commenced this action by filing a complaint in the United States District Court for the Eastern District. Plaintiff alleged pursuant to 42 U.S.C. § 1983, inter alia, federal claims of false arrest, excessive force, equal protection of the laws, abridgment of freedom of speech, failure to intervene, and municipal

Monell liability. Plaintiff also alleged inter alia, that he sustained physical injuries, mental injuries, emotional distress, embarrassment, humiliation, property damage, deprivation of his liberty, and violation of his constitutional rights.

3. On June 15, 2011, in a letter prepared in response to defendants' first motion requesting a pre-motion conference, plaintiff withdrew his claims under the First Amendment, the Equal Protection Clause and with regard to municipal Monell liability against all defendants. Plaintiff also withdrew his claims of false arrest and excessive force against defendant, Police Officer Barbara Sobolewski.

4. On January 3, 2012, a jury trial commenced in the United States District Court for Eastern District of New York located at 225 Cadman Plaza East, Brooklyn, New York, before the Honorable Brian M. Cogan. The following §1983 claims were tried: false arrest and excessive force against defendants Police Officer Humberto Kibel and Police Officer Eddie Martins, and failure to intervene against defendants Kibel, Martins, and Sobolewski.

5. On January 5, 2012, the jury trial concluded with a verdict in favor of defendants. A copy of the Judgment filed and entered on January 5, 2012 is annexed hereto as Exhibit "A."

6. Defendants are entitled to costs as the prevailing party pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, insofar as the Court entered judgment for the defendants on all claims against them. Defendants now seek an award of costs in the amount of $1,280.83 as the prevailing party in accordance with Rule 54(d)(1) of the Federal Rules of Civil Procedure and Rule 54.1 of the Local Civil Rules of the U.S. District Court of the Eastern District of New York for the following items. The costs claimed are correctly stated, are allowable by law, and were necessarily incurred as stated herein. Annexed hereto as Exhibit "B" is defendants' Bill of Costs dated January 27, 2012.

7. Defendants submit a bill for the cost of obtaining a certified copy of medical records for plaintiff from Woodhull Medical Center necessarily obtained during discovery for the purposes of preparing cross-examinations and direct examinations of the plaintiff, and preparing further argument at the close of evidence. Defendants are entitled to these costs in the amount of $299.53 as the prevailing party. A true copy of the invoice from HealthPort, the collection agent for Woodhull Medical Center, is annexed hereto as Exhibit "C."

8. Defendants submit a bill for the costs of the deposition transcript of plaintiff Richard Gilliard that was necessary for use at trial, including, but not limited to, the cross-examination of the plaintiff. Defendants are entitled to these costs in the amount of $577.15 as the prevailing party. A true copy of the invoice from the court reporters is annexed hereto collectively as Exhibit "D."

9. Defendants submit a bill for the cost of the deposition transcripts of non party witness Rayon Smith that was necessary for use at trial, including, but not limited to, the cross-examination of the plaintiff. A true copy of the invoice from the court reporters for this witness is annexed hereto as Exhibit "E." Defendants are entitled to these costs and as indicated on the invoice, the total cost of witness Smith's deposition is $245.

10. Finally, defendants submit a bill for the costs of the deposition transcripts of non party witness Gerardo Rivera that was necessary for use at trial, including, but not limited to, the cross-examination of the plaintiff. Defendants are entitled to these costs in the amount of $139.15 as the prevailing party. A true copy of the invoice from the court reporters for this witness is annexed hereto as Exhibit "F."

11. Further, defendants are entitled to an additional $20.00 pursuant to 28 U.S.C. §1923.

**WHEREFORE,** defendants respectfully request that the Clerk issue an order granting defendants costs in the amount of $1,280.83.

Dated:   New York, New York
          January 27, 2012

                                      By:       /S/
                                                Gregory P. Mouton, Jr.
                                                Assistant Corporation Counsel